UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORI DEJESUS AND STEVEN DEJESUS,

                  Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICER EDWYN
STUART, DETECTIVE DOUGLAS CONNORS,
DETECTIVE JOHN DOES 1-2, LIEUTENANT DELVAN,
POLICE OFFICER ERIK MORENO, POLICE OFFICER
TRONE, POLICE OFFICER "JAMES DOES", SERGEANT
GAVARS, POLICE OFFICER LEE, POLICE OFFICER
JORDON, CAPTAIN GRANDSTAFF, OFFICER SNEED,
OFFICER MONGELLO, SERGEANT CHECHINI, SHIELD
NO. 613, OFFICER VANDROSS "ROBERT DOES" 1-8,

                  Defendants.
-------------------------------------------------------------------X

**ANSWER WITH
COUNTERCLAIMS
AGAINST PLAINTIFFS**

14 CV 2546

       Defendant, EDWYN STUART, by his attorneys, as and for his Answer to the complaint and his counter-claims against plaintiffs, respectfully alleges as follows:

## AS TO PRELIMINARY STATEMENT

    1.    Deny each and every allegation contained in paragraphs 1, 2 and 3 of the Complaint and respectfully refers all questions of law to the Court for future consideration.

## AS TO JURISDICTION

    2.    Deny each and every allegation contained in paragraphs 4 and 5 of the Complaint and respectfully refers all questions of law to the Court for future consideration.

## AS TO VENUE

    3.    Deny each and every allegation contained in paragraph 6 of the Complaint and

respectfully refers all questions of law to the Court for future consideration.

## AS TO PARTIES

4. Admit the truth of each and every allegation set forth in paragraphs 7 and 8 of the Complaint.

5. Admit the truth of each and every allegation set forth in paragraph 9 of the Complaint only inasmuch as defendant Stuart was employed as a New York City Police Officer, but deny that defendant was acting at any relevant time pursuant to such employment.

6. Deny knowledge or information sufficient to form a belief as to paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22 of the Complaint.

7. Deny knowledge or information sufficient for form a belief as to paragraph 23 of the Complaint, but deny the allegations as to defendant Stuart.

## AS TO FACTUAL CHARGES

8. Admit the allegations contained in paragraphs 24 and 33 of the Complaint except deny knowledge or information sufficient to form a belief as to the exact date set forth herein.

9. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25, 27, 29, 30, 31, 32, 38, 39, 40, 41 and 42 of the Complaint.

10. Admit the allegations contained in paragraph 26 of the Complaint.

11. Admit the allegations contained in paragraph 34 of the Complaint but affirmatively state that at no time was defendant acting in the scope of his employment as a New York City Police Officer.

12. Deny each and every allegation contained in paragraphs 35, 36 and 37 of the Complaint.

### AS TO FEBRUARY 4, 2013 UNLAWFUL ENTRY AND FALSE ARREST

13. Admit the allegations contained in paragraphs 43 and 44 of the Complaint.

14. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 45, 46, 47, 48, 49, 50, 51, 52 and 53 of the Complaint.

15. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 54 of the Complaint but deny that defendant Stuart committed any act or omission as stated therein.

### AS TO FEBRUARY 19, 2013 UNLAWFUL ENTRY AND FALSE IMPRISONMENT

16. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 55, 56, 58, 59, 60, 61 and 62 of the Complaint.

17. Deny the allegations contained in paragraph 57 of the Complaint.

18. Admit the allegations contained in paragraphs 63 and 64 of the Complaint.

### AS TO MARCH 7, 2013 UNLAWFUL ENTRY AND FALSE ARREST OF BOTH PLAINTIFFS

19. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 65, 66, 67, 71, 72 and 73 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to paragraphs 68, 69 and 70 of the Complaint except deny the allegations as to defendant Stuart.

### AS TO MARCH 11, 2013 UNLAWFUL ENTRY AND FALSE ARREST

21. Deny the allegations contained in paragraphs 74, 75 and 78 of the Complaint.

22. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraphs 76, 77, 79, 80 and 81 of the Complaint.

23. Deny the allegations contained in paragraphs 82 and 83 of the Complaint as to defendant Stuart.

## AS TO DAMAGES

24. Deny the allegations contained in paragraph 84 of the Complaint.

## ANSWERING FIRST CAUSE OF ACTION

25. Deny each and every allegation contained in paragraphs 86, 87, 88, 89, 90, 91, 92 and 95 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to paragraph 93 of the Complaint.

27. Deny the allegations contained in paragraph 94 of the Complaint as they may relate to defendant Stuart.

## ANSWERING SECOND CAUSE OF ACTION

28. Repeat and reallege each and every allegation, admission, and denial made in response to paragraph 96 of the Complaint.

29. Deny each and every allegation contained in paragraphs 97, 98, 99, 100, 101, 104, 105, 106 and 107 of the Complaint as they may relate to defendant Stuart.

30. Deny each and every allegation contained in paragraph 102 of the Complaint.

31. Deny knowledge or information to form a belief as to paragraph 103 of the Complaint.

## ANSWERING THIRD CAUSE OF ACTION

32. Repeat and reallege each and every allegation, admission, and denial made in response to the paragraph 108 of the Complaint.

33.   Deny the truth of each and every allegation in paragraphs 109, 110, 111, 112 and 113 of the complaint as they may relate to defendant Stuart.

## ANSWERING FOURTH CAUSE OF ACTION

34.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraph 114 of the Complaint.

35.   Deny each and every allegation contained in paragraphs 115, 116, 117, 118 and 119 of the Complaint as they may relate to defendant Stuart.

## ANSWERING FIFTH CAUSE OF ACTION

36.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraph 120 of the Complaint.

37.   Deny each and every allegation contained in paragraphs 121, 122, 123, 124 and 125 of the Complaint as they may relate to defendant Stuart.

## ANSWERING SIXTH CAUSE OF ACTION

38.   Repeat and reallege each and every allegation, admission, and denial made in response to the paragraph 126 of the Complaint.

39.   Deny each and every allegation contained in paragraphs 127, 128, 129 and 130 of the Complaint as they may relate to defendant Stuart.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

40.   The complaint fails to state a cause of action against defendant Stuart upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

41.   Defendant Stuart has not violated any of plaintiffs' rights, privileges, or

immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

### AS AND FOR THIRD AFFIRMATIVE DEFENSE

42. There was probable cause for plaintiffs' arrests and prosecutions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. Any injury alleged to have been sustained by plaintiffs were caused, in whole or in part, by the culpable, criminal, intentional, or negligent conduct of plaintiffs and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Detective Edwyn Stuart.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. To the extent plaintiff has suffered any damages, such damages were proximately caused in whole or in part by plaintiff's culpable, intentional and/or negligent conduct and/or the intervening conduct of a third party or third parties, and plaintiff's recovery, if any, shall be barred or diminished accordingly.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

45. At all relevant times, Detective Stuart acted reasonably, properly, lawfully, and in good faith. Detective Stuart did not at any time act with actual malice.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

46. At no time relevant herein did defendant Stuart act within the scope of his employment, or under color of law, a predicate for liability under 42 U.S.C. §1983.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

47. Plaintiffs lack standing to assert some or all of the claims asserted in the Complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

48. Plaintiffs have failed to plead with sufficient particularity each and every necessary element of each of their claims.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

49. Detective Stuart's equitable share of liability, if any, should be determined pursuant to the provisions of Article 16 of the CPLR.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

50. PlaintiffS have failed to mitigate their damages.

## AS AND FOR A TWELFTH AFIRMATIVE DEFENSE

51. Plaintiffs are not entitled to recover damages in this action under 42 U.S.C.§ 1983.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

52. Plaintiffs initiated any and all incidents involving Detective Stuart alleged in the complaint.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

53. Plaintiffs' state law claims may be barred, at least in part, by the applicable statute of limitations.

## AS AND FOR A FIRST COUNTER-CLAIM BY DEFENDANT EDWYN STUART AGAINST PLAINTIFFS LORI DEJESUS AND STEVEN DEJESUS

54. Defendant repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

55. At all times relevant herein Defendant/Counter-claimant Edwyn Stuart maintained a residence at 808 Warwick Street, Kings County, New York.

56. As defendant was recalled to active duty in the United States Armed Services, Defendant/Counter-claimant Edwyn Stuart, although not physically present, maintained and stored most of his personal property and possessions in said residence.

57. While Defendant/Counter-claimant Edwyn Stuart was on active duty serving our nation, plaintiffs illegally and without permission or authority to do so, illegally entered defendant's apartment and wrongfully took possession of such personal property owned by defendant. These items include, but are not limited to, defendant's automobile, numerous items of jewelry, artwork and currency.

58. Plaintiffs either wrongfully disposed of such personal property or despite demand for the return of same have wrongfully continued to exercise dominion and control over the defendant's property.

59. As a result of the wrongful conversion of such property by plaintiffs, Defendant/Counter-claimant Edwyn Stuart has been damaged in an amount no less than $500,000.00; a more specific amount to be determined at trial.

## AS AND FOR A SECOND COUNTER-CLAIM BY DEFENDANT EDWYN STUART AGAINST PLAINTIFFS LORI DEJESUS AND STEVEN DEJESUS

60. Defendant repeats and realleges paragraphs 1 through 58 as if fully set forth herein.

61. Plaintiffs voluntarily and intentionally entered Defendant/Counter-claimant Edwyn Stuart's residential premises where they were not invited and not given consent to enter.

62. On or about January 1, 2015 and continuing to present, Defendant/Counter-claimant Edwyn Stuart, was and has been unlawfully prevented by plaintiffs from entering his apartment at 808 Warwick Street, Brooklyn, NY.

63. Plaintiffs have and continue to deprive Defendant/Counter-claimant Edwyn Stuart of his right and interest in said premises.

64. As a result of the trespass and unlawful eviction, Defendant/Counter-claimant Edwyn Stuart, has been damaged in an amount to be determined at trial.

**WHEREFORE,** defendant, EDWYN STUART, demands judgment dismissing the Complaint herein and denying all requested relief, and granting defendant Stuart's counter-claims against plaintiffs Lori DeJesus and Steven DeJesus, together with the costs and disbursements of

this action.

Dated: New York, New York
June 25, 2015

          Respectfully submitted,

          KARASYK & MOSCHELLA, LLP

          By: _____
          JAMES M. MOSCHELLA
          Attorneys for Defendant - *Edwyn Stuart*
          233 Broadway, Suite 2340
          New York, New York 10279
          (212) 233-3800


TO:    Cynthia Conti-Cook, Esq.
        Stoll, Glickman & Bellina, LLP
        Attorneys for Plaintiffs
        475 Atlantic Avenue, 3rd Avenue
        Brooklyn, NY 11217


        New York City Law Department
        100 Church Street
        New York, NY 10007

W:\IRODRIG\MOSCHELL\Stuart,EdwynDef\answer.wpd